**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRENDA GLENN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:20-CV-1741-SNLJ** |
| | ) | |
| **DALCO INDUSTRIES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Brenda Glenn brought this lawsuit against defendants Dalco Industries, Inc., and Benefit Administrative Systems, LLC, in the Circuit Court for St. Louis County, Missouri. Defendant Dalco removed the case to this Court, citing federal question jurisdiction, and Dalco answered the complaint. Defendant Benefit Administrative Systems moved to dismiss. Plaintiff did not respond to the motion to dismiss, and the time to do so has expired.

## I. Factual Background

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. Plaintiff was hired by defendant Dalco in September 2017 as a full-time administrative clerk/accounting clerk earning $16 an hour plus health insurance benefits. In November 2018, plaintiff informed her supervisor that she would be having knee surgery on November 15 due to a car accident three years earlier. The supervisor alleged stated to plaintiff, “you’re not going to put that on the company’s insurance, are you?” After learning of the surgery, defendant Dalco informed plaintiff that her employment

status was being cut from full time to part time due to a lack of work and that her health insurance was being cancelled effective November 14—the day before her surgery.

Plaintiff's surgery was cancelled due to other health problems. Upon learning that, Dalco reinstated full-time status for plaintiff until December 1, 2018. Meanwhile, Dalco hired three younger employees to full-time status to positions similar to plaintiff's. Defendant Dalco refused to return plaintiff to full-time status. (Apparently, plaintiff was reinstated to full-time status only for a very short time, until December 1, 2018.) Plaintiff claims Dalco violated the Missouri Human Rights Act (Count I), the Age Discrimination in Employment Act, 29 U.S.C. § 630(b) ("ADEA") (Count II), and the Americans with Disabilities Act, 42 U.S.C. § 12111 ("ADA") (Count III). Plaintiff claims that both Dalco and defendant Benefit Administrative Systems are liable to her for fraud (Count IV) and that defendant Benefit Administrative Systems is liable to her for breach of contract (Count V).

Benefit Administrative Systems ("BAS") has moved to dismiss the two counts against it.

## II. Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to

dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**A. Count IV**

Defendant BAS moves to dismiss Count IV for fraud against it because plaintiff has not alleged enough particular facts to state a claim. To plead a cause of action for fraud, a plaintiff must allege: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's

consequent and proximately caused injury. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. *banc* 2007). The Federal Rules of Civil Procedure also require that claims for fraud be stated with particularity. Fed. R. Civ. P. 9(b). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Drobnak v. Andersen Corp*., 561 F.3d 778, 783 (8th Cir. 2009) (internal quotations omitted). Such claims must allege the "who, what, where, when, and how" of the alleged fraud. *Id*.

Plaintiff alleges that defendants made statements to plaintiff in November 2018that plaintiff's health insurance had been cancelled, that said representations were false, that defendants intended her to rely on the representations and that she did in fact detrimentally rely on them. She claims that as a result of the misrepresentation, she sustained injury and damages. These allegations fail to include particulars, for example, regarding example who exactly on behalf of BAS made any representations to plaintiff, or how such representations were conveyed, or when during the month of November 2018 they were made. Moreover, plaintiff does not allege any facts to support that she herself was ignorant of the falsity of any alleged representation made by BAS, and that BAS knew that any representations it allegedly made to Plaintiff were false. These allegations do not satisfy the particularity requirements of Rule 9(b), and, even if they did, she has not pleaded all the necessary facts to support a claim against BAS. Plaintiff did not respond to the motion at all. Count IV will be dismissed as to defendant BAS.

**B. Count V**

Plaintiff's Count V is for breach of contract against defendant BAS. To state a claim for breach of contract under Missouri law, a plaintiff must allege (1) the making and existence of a valid and enforceable contract between the parties; (2) the parties' respective rights and obligations; (3) a violation thereof; (4) resulting in damages. *See Trotter's Corp. v. Ringleader Restaurants*, 929 S.W.2d 935, 941 (Mo. Ct. App. 1996); *see also Gillis v. Principia Corp*., 832 F.3d 865, 872 (8th Cir. 2016). "Vague references to unspecified 'agreements' are insufficient to state a claim for breach of contract." *Gillis*, 832 F.3d at 872 n11 (citing *Reitz v. Nationstar Mortg*., LLC, 954 F. Supp. 2d 870, 884 (E.D. Mo. 2013)).

Plaintiff's Count V states in its entirety:

> 59. Plaintiff paid for health insurance via premiums deducted from her paycheck through the end of December 2018.
>
> 60. Despite having paid for it, Defendant BAS cancelled Plaintiff's insurance effective November 14, 2018.
>
> 61. Defendant has failed to perform the agreement with Plaintiff.
>
> 62. Plaintiff has performed all of her obligations pursuant to the agreement.
>
> 63. As a result of the breach of the defendant, Plaintiffs have been damaged in the amount determined at trial.

Although plaintiff refers obliquely to health benefits in her complaint, she does not establish any facts regarding the formation or existence of any agreement between BAS and plaintiff. Nor does she allege any facts establishing the rights and responsibilities of

the parties regarding any such agreement. Again, plaintiff did not respond to the motion to dismiss at all. Because plaintiff has not stated a claim for breach of contract against BAS, Count V will also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant BAS's motion to dismiss [#10] is GRANTED.

**IT IS FURTHER ORDERED** that Count IV and Count V against BAS are DISMISSED.

Dated this 9th day of April, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE